## FREEDOM OF INFORMATION ACT REQUEST

**TO:**     BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES
DISCLOSURE DIVISION
STEPHANIE BOUCHER, DIVISION CHIEF
99 NEW YORK AVENUE, NE
ROOM 1E 400
WASHINGTON, DC, 20226

NOV 1 3 2015

**FROM:** Jermaine Bell #33031·037
FCI Schuylkill
P.O. Box 759
Minersville, Pa. 17954

**SUBJECT:**   FREEDOM OF INFORMATION ACT AND PRIVACY ACT REQUEST

**DATE:** Nov - 2 - 2015

### IN FORMA PAUPERIS

Pursuant to the Freedom of Information Act (FOIA) and Privacy Act, I submit to you this FOIA letter.

**We are in pursuit of Evidence regarding:**
**- November 26, 2001 Homicide of Torrence Johnson in Baltimore, MD**
**- June 26, 2001 Homicide of Angelo Stringfellow in Baltimore, MD**
**- May 28, 2001 Homicide of Kenyatta Harris in Baltimore, MD**
**- pertaining to 1998 investigation relating to Kenyatta Harris stemming from a homicide of Damien Barralle**
**- pertaining to 302 reports relating to task force that involved any/all Baltimore City Police Officers**

My request is not limited to the following items:
    - copy of ATF case jacket(s) including any records from the U.S. Attorney's Office and the records of the federal courts relating to the information provided above. Any record of value within the prosecutive and judicial aftermath of the Division's investigation, to include but not limited to unreleased ATF records and grand jury material
    - Arrest records
    - Bureau of Alcohol, Tobacco, Firearms and Explosives reports
    - Executive Office of the US Attorneys reports
    - Copies of investigator's notes and reports
    - Crime Scene Examination Section Reports
    - Any/all physical recordings, transcripts and notes relating to undercover wire, oral or electronic communication or surveillance obtained by the use of a witness and/or informant provided by Baltimore City Police Department or DOJ

- Any/all evidence of Body worn camera (BWC) or recordings by a witness and/or informant provided by Baltimore City Police Department or DOJ
- Forensic reports
- Copies of diagrams prepared by investigators
- Any documented statements taken of investigators
- Copies of statements provided by witnesses (written and audio)
- Any reports showing that the ballistics evidence in this case has been linked to any other shootings
- Any supplemental reports prepared during the investigation of this offense
- Any documented information that the witness(es) was under the influence at the time of this incident
- Any cooperation agreements involving any witnesses and/or informants
- Any record of monetary and/or other gifts provided to any witnesses and/or informants
- Notes from any interviews and/or meetings involving any witnesses and/or informants
- Copies of photographs taken by officers/investigators
- Copy of photo array used with the witness(es) to identify the shooter
- Any supplemental reports prepared during the investigation of this offense

Additionally, I would like to make a request for a fee waiver or possible reduction in costs for processing this request on the basis of my client's indigence. My client is indigent due to his incarceration and is therefore unable to pay for these expenses himself.

I thank you for your time and consideration of this matter, and will await a response from your office.

Jermaine Bell # 33031· 037

Exhibit A

Jermaine Bell # 33031·037

Federal Correctional Institution Schuylkill
P.O. Box 759
Minersville, PA 17954-0759

Mailed from
Federal Correctional Institution
Schuylkill, PA

HARRISBURG PA 171

03 NOV 2015 PM 1 L

X-RAYED
NOV 09 2015
DOJ MAILROOM

RECEIVED
N: 0 9 2015
ATF MAIL ROOM

IE-400

20226

Exhibit A



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

_Washington, DC  20220_

www.atf.gov

December 3, 2015                                                 REFER TO:  2016-0095

Mr. Jermaine Bell
Reg. No. 33031-037
PO Box 759
FCI Schuylkill
Minersville, PA 17954-0759

Dear Mr. Bell:

This responds to your Freedom of Information Act request dated November 2, 2015 and received
in this Office on November 13, 2015, in which you requested records concerning third-parties.
Your request has been assigned number 2016-0095.  Please refer to this number on any future
correspondence.

You requested information relating to third-parties.  With respect to the named individuals, it is
the policy of the ATF to neither confirm nor deny that records exist.  Without consent, proof of
death, an official acknowledgment of an investigation of them or an overriding public interest,
even to acknowledge the existence of such records pertaining to these individuals would be in
violation of the Privacy Act, 5 U.S.C. § 552a and constitute a clearly unwarranted invasion of
personal privacy and could reasonably be expected to constitute an unwarranted invasion of their
personal privacy.  Accordingly, I am refusing to confirm or deny the existence of responsive
records pursuant to Exemptions 6 and 7(C) of the FOIA, 5 U.S.C. § 552(b)(6), (7)(C).

When the individual is 100 years or older, ATF assumes that the individual is deceased.  Based
on the information you provided, the individual is not 100 years old or older.  Therefore, proof of
death is required in order to search for responsive documents should such documents exist.
Acceptable proof of death documents include:

1. a death certificate; or
2. an obituary with sufficient identifying information; or
3. a newspaper article with sufficient identifying information; or
4. a statement of death by the funeral director; or
5. a statement of death by the attending physician or the superintendent, physician, or
   intern of the institution where the person died; or
6. a certified copy of the coroner's report of death or the verdict of the coroner's jury; or

Exhibit B

-2-

Mr. Jermaine Bell

7. a certified copy of an official report of death or finding of death made by an agency or department of the U.S. which is authorized or required to make such a report or finding in the administration of any law of the U.S.

Since you have not provided any documentation that would demonstrate your right to access the records of a third party, we cannot disclose any information should such information exist.  If you can provide proof of death, ATF may be able to release responsive documents should they exist.  Please return it, along with your request, to the Disclosure Division.  You may mail your documents to 99 New York Avenue, NE, Room 4E-301, Washington, DC 20226.  You may also fax your documents to (202) 648-9619.  Additionally, you may send any documentation to foiamail@atf.gov.  Please include the assigned case number in your email.  If you have any questions or would like to discuss any aspect of your request, you may contact our FOIA Public Liaison, Stephanie Boucher, at (202) 648-8740.

In light of these circumstances, I am administratively closing your request in this Office.

If you are not satisfied with my response to your request, you may administratively appeal by writing to the Director, Office of Information Policy, United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html.  Your appeal must be postmarked or transmitted electronically within sixty days from the date of this letter.  If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Stephanie M. Boucher
Chief, Disclosure Division

Jermaine Bell                                          Dec 11, 2015
#33031-037
FCI Schuylkill
P.O. Box 759
Minersville PA, 17954



Disclosure Division
Office of Information  and Policy          RECEIVED
1425 New York Ave. Suite 11050
Washington DC, 20530-0001                 DEC 3 0 2015

Freedom of Information Act Request        Office of Information Policy
Case No. 2016-0095

          In support of F.O.I.A request No. 2016-0095 Please find the following
documents enclosed:

          1.  Administrative appeal case No. 2016-0095.
          2.  Appeal to the closing of the  case file.
          3.  The Baltimore City Police report dated 7-9-2001.
          4.  The Baltimore City Police report from Det. Michael Coleman
              OCD/ATF taskforce dated 9-27-06
          5.  The 404(b) report from the United States Attorney Nov 1, 2007.
          6.  The 302 report from the F.B.I.


                                    Respectfully,

                                    Jermaine Bell

                                    Jermaine Bell
                                    #33031-037


cc: Stephanie M. Boucher
    file

Exhibit C





Exhibit C

Jermain Bell #33031-037                                           12-11-2015
FCI Schuylkill
P.O. Box 759
Minersville PA, 17954-0759
SS# 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
DOB 02-11-1975

Office of Information Policy
US Department of Justice
1425 New York Ave, Suite 11050
Washington DC, 20530-0001

Freedom of Information Appeal
No. 2016-0095

         Dear Sir/Madam,

         This is my notice of appealing  the closing of my case by "Stephanie
M. Boucher." The main reason why I am appealing is that all the evidence
that was used against me was uncovered in open court.  Such as the names of
confidential informants, surveillance reports, names of lead detectives and
their ranks.

         Therefore I am requesting all portions of the records.  Including all
surveillance reports, 302 documents, names of witnesses, statements and
warrants.

         Pursuant to the Freedom of Information Act, 5 U.S.C. §552, and the
Privacy Act of 1974, 5 U.S.C. §552(a), I hereby request copies of the afore
mentioned documents.  If for any reason you choose not to send me any of the
requested documents, then please furnish me with a "Vaughn Index" as set forth
in Vaughn v. Rosen, 484 F.2d 820 (D.C. 1973).

         Please consider this a first party request under the F.O.I.A., 5 U.S.C.
§ 552, and as a Privacy Act request 5 U.S.C. §552(a) also.  In the event that
some of the material is considered by you to be exempt from disclosure under
either one of the Acts or both of the Acts, please include all segregable
portions of documents and the specific exemption(s) you are relying upon to
deny disclosure of the excised portions.

         Please note that in order to avoid disclosure, you must claim an
appropriate exemption under both Acts.

                                        Respectfuly,

                                        Jermaine Bell
                                        #33031-037

cc: rwp/JB

Exhibit C

Jermaine Bell
Reg.No. # 33031-037
FCI SCHUYLKILL
P.O. BOX 759
Minersville, PA 17954

Dec - 11 - 2015
Refer: 2016- 0095

⇔33031-037⇔
Director Office Info Policy
U.S. D.O.J., Suite 11050
1425 NEW YORK AVE NW
Washington, DC 20530
United States

The Requester's FOIA request was denied by the D.O.J./ A.T.F. agency in the form of a "Glomar" response. The said agencies have stated that requester is lacking consent and proof of death with respect to the named individuals (Torrence Johnson, Angelo Stringfellow and Kenyatta Harris). However, this argument relied upon by said agencies has no merit in light of the fact that no privacy interest would be invaded by disclosing this information on said individuals named above because this information has already been put into the public domain in light of the Requester's conviction in federal court holding the Requester responsible for their deaths. See Jermaine Bell v. United States of America, Case No. RDB-06-0179. "Under FOIA's 'public domain' exception, an agency may not rely on an 'otherwise valid [FOIA] exemption to justify withholding information that is already in the public domain." Marino v. DEA, 685 f.3d 1076, 1080 (D.C. Cir. 2012). In the requester's FOIA request,

-1-

Exhibit C

Requester specifically requested any and all information
pertaining to himself with respect to the investagations
of the "Redrum" investigating group and the murders of the
said individuals named above. As will be shown more fully
_infra_, the Requester is already in possession of numerous
material with respect to the said request. In light of this
fact, requester would again make the "public domain" argument.

However, the Requester also makes the argument that
the _Glomar_ response and the Exemption 7(c) denial are both
inappropriate because the Requester can make a evidentiary
showing that government impropriety might have occured. See
Nat'l Archives & Records Admin. v. Favish, 541 U.S. 157 (2004).
Exemption 7(c) and the _Glomar_ response is inapplicable in light
of the public interest. To obtain private information under the
Favish test, the requester must at a minimum produce evidence
that would warrant a belief by a reasonable person that the
alleged government impropriety might have occured. _Id_. @174.

In this matter the Requester was convicted in federal
court of the murders of the said individuals based on the theory
that the murders were "drug related." The goverments theory was
that Requester had a dispute with a rival street gang in the
neighborhood based upon drug turf disputes. See Bell v. U.S.,
_supra_. The alleged leader of the rival street gang was Samuel
Garrett. _Id_. However, the requester has been able to obtain,
"through ironically, public domain," numerous documentary

-2-

Exhibit C

evidence that the murders of the said individuals were

**not** drug related. [1/] For instance, The Requester has attached

a interview of Samuel Garrett by the Baltimore City Police

in which Mr. Garrett unequivocally states that the murders

of his family and friends allegedly by the Requester was **not**

drug related but in retaliation for a murder committed by

Mr. Garrett's cousin some time ago. Id. Attachment "A."

Also obtained by the Requester is the trial transcripts

of Mr. Garrett's own murder trial in the Baltimore City Circuit

Court whereby there is substanial testimony that the murders

of the said individuals named above were not not drug related.

See State of Maryland v. Samuel Garrett, Circuit Court Case No.

102137018-21, Trial Transcripts of December 9th and 11th of 2002.

Due to the length of the transcripts the Requester has only

attached the relevant pages of testimony affirming the Requester's

government impropriety agrgument that these murders were not apart

of a drug conspiracy or drug turf as alleged in the Requester's

federal conviction. See Attachment "B."

---

1. Specifically the requester was convicted in federal court of one count of Possession of a firearm in futherance of a drug trafficking crime resulting in death, in violation of 18 U.S.C. §924(j). Factual statments presented by the government included: "Bell became embroiled in a territorial dispute with a rival organization led by Samuel Garrett. As a result, Bell issued contracts for the murders of several individuals." See Bell v. U.S., 2012 U.S. Dist. LEXIS 80790.

-3-

Exhibit C

The Requester would argue that he has raised a meritorious defense that the DOJ/DEA's justification for refusing even to confirm the file's existence has been undermined by prior public disclosure. Additionally the Requester believes that through documentary evidence he has established that a reasonable person would warrant a belief that governmental impropriety might have occured. See Nat'l Archives & Records Admin. v. Favish, 541 U.S. 157, 174 (2004).

Lastly the Requester would argue that the said agencies could redact the documents the Requester seeks. "FOIA requires that federal agencies provide to a requester all non-exempt information that is reasonably segregable from, 5 USC §552(b)- that is, not inextricably intertwined with exempt information." Rodriguez v. U.S., 2014 U.S. Dist. LEXIS 40821 (D.D.C. 2014). See Also Oglesby v. Dep't of Army 79 f.3d 1172, 1776 (D.C. Cir 1996)("If a document contains exempt information, the agency must still release any reasonably segregable portion after deletion of the nondisclosable portions.")

## CONCLUSION

The Requester respectfully request that the denial of his FOIA request be reversed.

Respectfully Submitted,

/s/ *Jermaine Bell*   12·11·15

Jermaine Bell #33031-037
FCI SCHUYLKILL
P O BOX 759
Minersville PA 17954

Exhibit C
-4-

## FREEDOM OF INFORMATION ACT REQUEST

**TO:**   BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES
DISCLOSURE DIVISION
STEPHANIE BOUCHER, DIVISION CHIEF
99 NEW YORK AVENUE, NE
ROOM 1E 400
WASHINGTON, DC, 20226
⇦33031-037⇦

Jermaine Bell
**FROM:**   759 PO Box
FCI Schuykill
Minersville, PA 17954
United States

**SUBJECT:**   FREEDOM OF INFORMATION ACT AND PRIVACY ACT REQUEST

**DATE:**   Nov-2-2015

### IN FORMA PAUPERIS

Pursuant to the Freedom of Information Act (FOIA) and Privacy Act, I submit to you this
FOIA letter.

**We are in pursuit of Evidence regarding:**
**- November 26, 2001 Homicide of Torrence Johnson in Baltimore, MD**
**- June 26, 2001 Homicide of Angelo Stringfellow in Baltimore, MD**
**- May 28, 2001 Homicide of Kenyatta Harris in Baltimore, MD**
**- pertaining to 1998 investigation relating to Kenyatta Harris stemming from a**
**homicide of Damien Barralle**
**- pertaining to 302 reports relating to task force that involved any/all Baltimore City**
**Police Officers**

My request is not limited to the following items:
- copy of ATF case jacket(s) including any records from the U.S. Attorney's Office
and the records of the federal courts relating to the information provided above. Any
record of value within the prosecutive and judicial aftermath of the Division's
investigation, to include but not limited to unreleased ATF records and grand jury
material
- Arrest records
- Bureau of Alcohol, Tobacco, Firearms and Explosives reports
- Executive Office of the US Attorneys reports
- Copies of investigator's notes and reports
- Crime Scene Examination Section Reports
- Any/all physical recordings, transcripts and notes relating to undercover wire, oral
or electronic communication or surveillance obtained by the use of a witness and/or
informant provided by Baltimore City Police Department or DOJ

Exhibit C

- Any/all evidence of Body worn camera (BWC) or recordings by a witness and/or informant provided by Baltimore City Police Department or DOJ
- Forensic reports
- Copies of diagrams prepared by investigators
- Any documented statements taken of investigators
- Copies of statements provided by witnesses (written and audio)
- Any reports showing that the ballistics evidence in this case has been linked to any other shootings
- Any supplemental reports prepared during the investigation of this offense
- Any documented information that the witness(es) was under the influence at the time of this incident
- Any cooperation agreements involving any witnesses and/or informants
- Any record of monetary and/or other gifts provided to any witnesses and/or informants
- Notes from any interviews and/or meetings involving any witnesses and/or informants
- Copies of photographs taken by officers/investigators
- Copy of photo array used with the witness(es) to identify the shooter
- Any supplemental reports prepared during the investigation of this offense

Additionally, I would like to make a request for a fee waiver or possible reduction in costs for processing this request on the basis of my client's indigence. My client is indigent due to his incarceration and is therefore unable to pay for these expenses himself.

Jermaine Bell
#33031-037

Exhibit C



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

---

*Washington, DC 20220*

www.atf.gov

December 3, 2015                                         REFER TO: 2016-0095

Mr. Jermaine Bell
Reg. No. 33031-037
PO Box 759
FCI Schuylkill
Minersville, PA 17954-0759

Dear Mr. Bell:

This responds to your Freedom of Information Act request dated November 2, 2015 and received
in this Office on November 13, 2015, in which you requested records concerning third-parties.
Your request has been assigned number 2016-0095.  Please refer to this number on any future
correspondence.

You requested information relating to third-parties.  With respect to the named individuals, it is
the policy of the ATF to neither confirm nor deny that records exist.  Without consent, proof of
death, an official acknowledgment of an investigation of them or an overriding public interest,
even to acknowledge the existence of such records pertaining to these individuals would be in
violation of the Privacy Act, 5 U.S.C. § 552a and constitute a clearly unwarranted invasion of
personal privacy and could reasonably be expected to constitute an unwarranted invasion of their
personal privacy.  Accordingly, I am refusing to confirm or deny the existence of responsive
records pursuant to Exemptions 6 and 7(C) of the FOIA, 5 U.S.C. § 552(b)(6), (7)(C).

When the individual is 100 years or older, ATF assumes that the individual is deceased.  Based
on the information you provided, the individual is not 100 years old or older.  Therefore, proof of
death is required in order to search for responsive documents should such documents exist.
Acceptable proof of death documents include:

1. a death certificate; or
2. an obituary with sufficient identifying information; or
3. a newspaper article with sufficient identifying information; or
4. a statement of death by the funeral director; or
5. a statement of death by the attending physician or the superintendent, physician, or
   intern of the institution where the person died; or
6. a certified copy of the coroner's report of death or the verdict of the coroner's jury; or

Exhibit C

-2-

Mr. Jermaine Bell

7. a certified copy of an official report of death or finding of death made by an agency or department of the U.S. which is authorized or required to make such a report or finding in the administration of any law of the U.S.

Since you have not provided any documentation that would demonstrate your right to access the records of a third party, we cannot disclose any information should such information exist. If you can provide proof of death, ATF may be able to release responsive documents should they exist. Please return it, along with your request, to the Disclosure Division. You may mail your documents to 99 New York Avenue, NE, Room 4E-301, Washington, DC 20226. You may also fax your documents to (202) 648-9619. Additionally, you may send any documentation to foiamail@atf.gov. Please include the assigned case number in your email. If you have any questions or would like to discuss any aspect of your request, you may contact our FOIA Public Liaison, Stephanie Boucher, at (202) 648-8740.

In light of these circumstances, I am administratively closing your request in this Office.

If you are not satisfied with my response to your request, you may administratively appeal by writing to the Director, Office of Information Policy, United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html. Your appeal must be postmarked or transmitted electronically within sixty days from the date of this letter. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Stephanie M. Boucher

Stephanie M. Boucher
Chief, Disclosure Division

Exhibit C

7/9/2001

On July 6, 2001 Detective ⬚⬚⬚⬚⬚⬚ BCPD/HIDTA
met with Detective⬚⬚⬚⬚ BCPD Homicide. Detective
⬚⬚⬚⬚ advised that the homicide of Kenyatta Harris stems from
the 1998 homicide of Damion Barralle. Apparently Damion and
Jermaine Bell were associates and after Damion was killed
Jermaine Bell put contracts out on ⬚⬚⬚⬚⬚ To
this date Darnell Harris(Kenyatta's brother) has been killed.
Angelo Stringfello has been killed on a $50,000 contract.

b6
b7C
b7D
b7F

7/6/2001        Baltimore, Maryland

166E-BA-100807                                    7/9/2001

TFC⬚⬚⬚⬚⬚⬚        b6
                         b7C

Exhibit C

U.S. D~~epartment~~ of Justice
Bureau of Alcohol, Tobacco, Firearms and Explosives

# Report of Inv~~estig~~ation

| Title of Investigation:<br>Jermaine A Bell et al | Investigation Number:<br>761020-07-0027 | Report Number:<br>1 |
|---|---|---|

## SUMMARY OF EVENT:

The investigation is affiliated with Operation Arizona/marijuana organization of ████████████████ (ATF Case ████████), which linked Jermaine BELL and associates as being responsible for numerous acts of violence throughout Baltimore City, Maryland.

## NARRATIVE:

1.  On or about February 2001, Baltimore City Police Department (BPD) Task Force Officer (TFO) Detective ████████ requested assistance with the investigation of Jermaine BELL, B/M, DOB 2/11/1974. BELL has been federally indicted with conspiracy to possess narcotics in a crime of violence which cause the death of Terrance Johnson on or about November 8, 2001.

2.  BPD TFO Detective ████████ have identified several associates of BELL: ██████████ DOB: ████
    ██████████ DOB: ██████ DOB: ████ DOB: ████
    ██████████ DOB: ████ and ██████████ DOB: ████ The aforementioned names are federally charged with conspiracy to distribute heroin; conspiracy to possess a firearm in furtherance of a drug trafficking crime; possession of a firearm in furtherance of a drug trafficking crime resulting in death; possession of a firearm in furtherance of a drug trafficking crime; possessing ammunition by convicted felon and willfully causing an offense.

3.  The investigation is continuing.

Exhibit C

1:/22/2006 15:31 FAX 410 962 07.          U S ATTORNEY'S OFFICE                    ☑ 003



## POLICE DEPARTMENT
## BALTIMORE, MARYLAND

27 September, 2006

TO:        Major John Hess

FROM:      Detective Michael Coleman
           OCD/ATF Task Force

SUBJECT:   William DeShields (interview)


On 27 September 2006 at approximately 14:00-17:00hrs. Detective M. Coleman
and Homicide Detective Ronald Berger conducted a interview with William DeShields.
Mr. DeShields was advised of his rights and elected to waive his rights before the
interview started. During the interview Mr. DeShields was advised that he is being charge
with the murder of Angelo Stringfellow. Mr. DeShields stated that he did not kill Angelo.
During the interview Mr. DeShield was asked who is responsible for killing Stringfellow.
He replied, " man you going to get me killed", and then stated Jermaine. During this time
Det. Berger stepped out of the room for another matter. As the interview continued Mr.
DeShields advised Det. Coleman of the following.


Mr. DeShields stated that he knows Jermaine Bell and that he met Jermaine from
"Bo", who is someone that Mr. DeShields sold drugs for. Jermaine operated a drug
organization in the area of Gynns Falls and Liberty Heights. Jermaine and "Bo" got into
an argument because "Bo" was selling drugs in Jermaine area and Jermaine wanted some

Exhibit C

11/22/2006 15:31 FAX 410 962 07.          U S ATTORNEY'S OFFICE                              ☒004

of the money from "Bo" drug sales. A war began between the two and one of Jermaine

workers was shot and killed by "Bo".


   Mr. DeShields stated that Jermaine had Angelo Stringfellow killed. Corey Smith

set up Angelo to be killed. Myself, Sean Sterling, Corey Smith and Fat-Eric was there at

Club Burns but did not kill Angelo.


   I'm in jail with Johnny-Cool aka Jonathan Malone and Corey Smith wrote him a

letter asking Johnny to find someone to get rid of his wife because he don't want to give

Jermaine the satisfaction of killing his wife. Mr. DeShields advised me that Johnny-Cool

showed him the letter and that he read the letter himself. The interview ended at this time.


                                        Michael Coleman

                                         OCD/ATF Task Force

Exhibit C



U.S. Department of Justice

*United States Attorney*
*District of Maryland*
*Northern Division*

---

| | | |
|---|---|---|
| *Rod J. Rosenstein*<br>*United States Attorney* | *36 South Charles Street*<br>*Fourth Floor*<br>*Baltimore, Maryland 21201* | *410-209-4800*<br>*TTY/TDD:410-962-4462*<br>*410-209-4859*<br>*FAX 410-962-3124* |
| *Jason M. Weinstein*<br>*Chief, Violent Crime* | | *Jason.Weinstein2@usdoj.gov* |

November 1, 2007

To All Counsel

    Re:    United States v. Jermaine Bell, et al.
           Criminal No. RDB-06-0179

Dear Counsel:

    This letter provides additional discovery, which is being provided pursuant to the terms of the discovery agreements which you previously executed.

### Additional Materials from Previously Produced Homicide Files

    We have reviewed the Baltimore Police Department files for the Angelo Stringfellow and Torrence Johnson murders with an eye toward providing additional material that had previously been redacted. The supplemental materials from these files is enclosed (Stringfellow murder: Bates #00036-00112, 00127-00158; Johnson murder: Bates #00159-00185). We have continued to redact those portions of the files that identify witnesses. The redacted items relating to our witnesses will be provided in unredacted form at the time Jencks material is provided for those witnesses.

    As we previously explained, the Kenyatta Harris homicide file cannot be located, so we have endeavored to re-create that file to the extent possible by locating duplicate reports. Out of an abundance of caution, we are providing an additional copy of those materials (Bates #00001-00035).

    Other miscellaneous documents are provided at Bates #00113-00126.

### Incidents Described in September 26, 2007 Letter

    In its letter dated September 26, 2007, the Government identified 10 other shootings or murders that, along with the Harris, Stringfellow, and Johnson murders, were part of a series of acts of violence between Jermaine Bell's drug organization and a drug organization led by Samuel Garrett. For your reference, those incidents were as follows:

        1.    murder of Dameon Burrell by Donnell Harris and Dontae Spivey on September 27, 1998;

        2.    shooting of Russell Jackson on January 15, 2001;

Exhibit C

To All Counsel
November 1, 2007
Page 2

3.   shooting of Kenyatta Harris on April 23, 2001;

4.   attempted shooting of Jermaine Bell/shooting of William Harrison by Samuel Garrett and Calvin Harris, a/k/a "Tink," on June 11, 2001;

5.   attempted shooting of Angelo Stringfellow on June 12, 2001;

6.   shooting of Herman Saunders by William Deshields and another individual on June 17, 2001; one of the firearms used in this shooting was also used in the murder of Kenyatta Harris on May 28, 2001, and the other firearm used in this shooting was also used in the murder of Angelo Stringfellow on June 27, 2001;

7.   shooting of Samuel Garrett on August 3, 2001;

8.   shooting of Torrence Johnson on August 3, 2001;

9.   shooting of Calvin Harris, a/k/a "Tink," on September 7, 2001; and

10.  murder of Dominic Manns, a/k/a "Randy," and William Harrison, a/k/a "Will," by Samuel Garrett on November 2, 2001.

Enclosed please find the criminal records and arrest photos of the individuals listed in the September 26, 2007 letter (Bates #00186-01040).

Under separate cover, we will provide copies of discoverable materials from the Baltimore Police Department files, including an inventory of physical evidence, relating to these incidents.

## Other Homicides Involving Cooperating Witnesses

Under separate cover, we will be providing you with discoverable materials from local police files, including an inventory of physical evidence, relating to other murders in which cooperating witnesses have implicated themselves.

## Evidence Review

We would like to schedule a three-day block for counsel to review physical evidence. One day would be devoted to a review of the physical evidence from the murders charged in this case; a second day would be reserved for the physical evidence from the other murders and shootings referenced in the Government's September 26, 2007 letter; and a third day would involve a review of physical evidence from other murders in which cooperating witnesses have implicated themselves. We would suggest one of the following options:

– a block of any three days during the week of November 19; or
– three Fridays – November 23, December 7, and December 14.

Exhibit C



**U.S. Department of Justice**

Office of Information Policy

*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC  20530-0001*

*Telephone: (202) 514-3642*

Mr. Jermaine Bell
Register No. 33031-037
Federal Correctional Institution          Re:     Appeal No. AP-2016-01253
Post Office Box 759                                  Request No. 2016-0095
Minersville, PA  17954                             RRK:MTC

**VIA:  U.S. Mail**

Dear Mr. Bell:

You appealed from the action of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) on your Freedom of Information Act request for access to records concerning Torrence Johnson, Angelo Stringfellow, Kenyatta Harris, Damien Barralle, and certain "302 reports."

After carefully considering your appeal, and as a result of discussions between ATF personnel and this Office, I am remanding your request to ATF for a search for responsive records concerning the named third parties.  If ATF locates releasable records, it will send them to you directly, subject to any applicable fees.  You may appeal any future adverse determination made by ATF.  If you would like to inquire about the status of this remand, please contact ATF directly.

Additionally, to the extent that you are seeking certain "302 reports," you may wish to make a new request directly to the FBI, which would be the component most likely to maintain such records.

If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

5/9/2016

X _____

Sean R. O'Neill
Chief, Administrative Appeals Staff
Signed by: SEAN O'NEILL

Exhibit D



**U.S. Department of Justice**

Office of Information Policy

*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC  20530-0001*

*Telephone: (202) 514-3642*                    **May 11, 2016**

## ADMINISTRATIVE APPEAL REMAND MEMORANDUM

TO:        **Stephanie Boucher**
           Chief, Disclosure Division

FROM:      **Melanie Ann Pustay**
           Director

           **Sean R. O'Neill**
           Chief, Administrative Appeals Staff

SUBJECT:   **Instructions for Processing Administrative Appeal Following Remand**

| **Request No.** 2016-0095 | Requester's Name:  Jermaine Bell |
|---|---|
| **Appeal No.** AP-2016-01253 | Subject of Request:  Torrance Johnson, Angelo Stringfellow, Kenyatta Harris, and Damien Barralle |

        The administrative appeal referenced above has been remanded by this Office to ATF for further processing.  At this time, please reopen this file and perform the following actions, subject to any applicable fees:

        Because the requester has provided sufficient proof that the named individuals are deceased, please conduct a search for responsive records.

        The OIP attorney reviewing these administrative appeals coordinated this action through Amanda Hoffmaster of the FOIA Section.  If you have any further questions concerning this action, please do not hesitate to contact Marilyn Cunningham at 202-514-5449.



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

www.atf.gov

July 11, 2016                                                    REFER TO:  2016-0584

Mr. Jermaine Bell
Reg. No. 33031-037
FCI Schuylkill
Federal Correctional Institution
P.O. Box 759
Minersville, PA  17954-0759

Dear Mr. Bell:

This responds to your Freedom of Information Act request for information that the Bureau of
Alcohol, Tobacco, Firearms and Explosives ("ATF") initially withheld because you did not
provide consent or proof of death for Mr. Torrence Johnson, Mr. Angelo Stringfellow, Mr.
Kenyatta Harris, and Mr. Damien Barralle.  You appealed this withholding to the Office of
Information Policy ("OIP") and provided proof of death for the named third parties.  By letter
dated May 9, 2016, OIP remanded the case for a search for responsive records concerning the
named third parties.  Your request has been assigned number 2016-0584.  Please refer to this
number on any future correspondence.

Please be advised that a search has been conducted in the N-Force and TECS databases, which
contain information on ATF investigations.  ATF did not generate an investigation on any of
these homicides.  Based on the information you provided to us, we were not able to locate any
responsive records subject to the Freedom of Information Act.

For your information, Congress excluded three discrete categories of law enforcement and
national security records from the requirements of the FOIA.  *See* 5 U.S.C. § 552(c).  This
response is limited to those records that are subject to the requirements of the FOIA.  This is a
standard notification that is given to all our requesters and should not be taken as an indication
that excluded records do, or do not, exist.

You may contact our FOIA Public Liaison, Stephanie Boucher, at (202) 648-8740, for any
further assistance and to discuss any aspect of your request.  Additionally, you may contact the
Office of Government Information Services ("OGIS") at the National Archives and Records
Administration to inquire about the FOIA mediation services they offer.  The contact information

-2-

Mr. Jermaine Bell

for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy ("OIP"), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home.  Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request.  If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Stephanie M. Boucher
Chief, Disclosure Division



Jermaine Bell
Reg.# 33031-037
FCI Schuylkill
P.O.Box 759
Minersville,PA
17954

August 21, 2016

Stephanie Boucher
Chief, Disclosure Division
Room 1 E-400
99 New York Ave.
Washington, DC. 20226

RE: 2016-0584

Dear Mrs Boucher,

This letter is in response to a letter I received on July 11, 2016.
The letter stated, that a search has been conducted in the N-FORCE and
TECES databases, which contain information on all the (ATF) investigations,
and did not generate anything on the homicides that I requested.

I find that hard to believe that the (ATF) databases couldn't locate
any of the files I requested. I've documents from the (ATF)Task-Force in-
vestigations that lead to my initial indictment in federal court, in which
I'm serving time for. Also, I've transcripts from my motion hearing, that
support my case, an (ATF) investigation report case #761020-07-0027, and
finally an interview conducted by DET: Micheal Coleman OCD/ATF Task-Force.
Det: Coleman is a Baltimore City Police, for approximately the past 15
years he has been deputize as a federal law enforcement officer, and been
assigned to a Task-Force with the (ATF).

Sincerly your
Jermaine Bell

Exhibit G

I realize that your department is over worked and uder staff. All I'm asking can someone from department please point me in the direction, so I could retrieve the records that I'm seeking.

Encloced are.

1. An interview conducted my Det: Coleman

2. My Motion Hearing, that out line what I'm looking for.

3. An (ATF) investagtion report.

4. Two  Superseding reports.


Thank You For Your Time With Helping Me With This Matter...


Sincerly Your

Jermaine Bell # 33031-037

1              UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND
2                  NORTHERN DIVISION

3    UNITED STATES OF AMERICA  Criminal No.  RDB-06-0179

4             v.

5    JERMAINE BELL        Baltimore, Maryland

6         AND           May 15, 2008

7    ROOSEVELT SPANN,      9:30 a.m.

8         Defendants.

9    -----------------------------------------/

10         TRANSCRIPT OF MOTIONS HEARING
      BEFORE THE HONORABLE RICHARD D. BENNETT
11        UNITED STATES DISTRICT JUDGE

12

13   APPEARANCES:

14   For the Government:  United States Attorney's Office
                      By: GREGORY WELSH, ESQUIRE
15                     JASON WEINSTEIN, ESQUIRE
                     36 South Charles Street
16                     Fourth Floor
                     Baltimore, Maryland 21201
17

18   For the Defendants:  Brown Goldstein and Levy LLP
                     By: DANIEL GOLDSTEIN, ESQUIRE
19                    120 East Baltimore Street
                    Suite 1700
20                    Balltimore, Maryland 21202

21                    Davis and Davis
                    By: CHRISTOPHER DAVIS, ESQUIRE
22                    514 10th Street, NW
                    Ninth Floor
23                    Washington, D.C. 20004

24

25

                                              1

1   and throughout the reply, the defense refers to a federal task

2   force investigation, that concept of a federal task force

3   investigation.  And actually, Your Honor, and that implies that

4   there's a single, unified investigation.

5           THE COURT:   Right.

6           MR. WELSH:   It doesn't argue that as implied.  I just

7   want to clarify that there are actually three separate task force

8   investigations that impact upon this prosecution.  The first is

9   one we've been talking about and that's the F.B.I.'s R & G

10  investigation that led to the two defendants that Judge Nickerson

11  had a couple of years ago, Thompson and Williams and that was an

12  F.B.I. Task Force investigation that involved some Baltimore

13  Police Department Task Force officers and F.B.I. agents.  And the

14  second task force investigation impacted by the prosecution is

15  the D.E.A. Redrum group's investigation into some of the

16  shootings that are involved between Bell and the Garrett

17  organization.  Between the Bell organization and the Garrett

18  organization.  Now that involved D.E.A. special agents and

19  different Baltimore Police Department officers who were task

20  force officers including some homicide detectives and including

21  at some point in time Detective Joe Dugan that was mentioned.

22  Mr. Dugan testified as the Court knows from the submission by

23  Mr. Goldstein at the state murder trial of Samuel Garrett for the

24  killings of Harrison and Manns on November 2nd of 2001.  Your

25  Honor, during the transition of certain files from the homicide

32

1    office to the Redrum and/or back again, the homicide files for

2    Kenyatta Harris killing was misplaced.

3            THE COURT:    All right.  We'll address that in a moment.

4    I want to stay focused just on --

5            MR. WELSH:    Right.

6            THE COURT:    -- the first of the three topics on Brady

7    in terms of just the non-presence of Mr. Bell and essentially the

8    negative involvement or what Mr. Goldstein refers to as negative

9    evidence.

10            MR. WELSH:    Getting --

11            THE COURT:    We'll deal with Kenyatta Harris in a

12    moment.

13            MR. WELSH:    -- to the third task force just so it's

14    clear.

15            THE COURT:    All right.

16            MR. WELSH:    The task force investigation that directly

17    led to the instant indictment is an ATF Task Force investigation.

18    That involves, of course, ATF agents and a third Baltimore Police

19    Department Task Force officer.  This investigation began with the

20    Tyree Stewart marijuana organization which was a case that Judge

21    Blake heard and then this investigation spun out of information

22    that we got from Tyree Stewart and Corey Smith, two of the

23    defendants in that case, who provided information about a whole

24    series of homicides including ones involving Mr. Bell and also

25    homicides involving the infamous Solethal Thomas also known as

                                                                                    33

1:/22/2006 15:31 FAX 410 962 07.         U S ATTORNEY'S OFFICE                    ☒ 003



## POLICE DEPARTMENT
## BALTIMORE, MARYLAND

27 September, 2006

TO:       Major John Hess

FROM:    Detective Michael Coleman
          OCD/ATF Task Force

SUBJECT:  William DeShields (interview)

On 27 September 2006 at approximately 14:00-17:00hrs. Detective M. Coleman
and Homicide Detective Ronald Berger conducted a interview with William DeShields.
Mr. DeShields was advised of his rights and elected to waive his rights before the
interview started. During the interview Mr. DeShields was advised that he is being charge
with the murder of Angelo Stringfellow. Mr. DeShields stated that he did not kill Angelo.
During the interview Mr. DeShield was asked who is responsible for killing Stringfellow.
He replied, " man you going to get me killed", and then stated Jermaine. During this time
Det. Berger stepped out of the room for another matter. As the interview continued Mr.
DeShields advised Det. Coleman of the following.

Mr. DeShields stated that he knows Jermaine Bell and that he met Jermaine from
"Bo", who is someone that Mr. DeShields sold drugs for. Jermaine operated a drug
organization in the area of Gynns Falls and Liberty Heights. Jermaine and "Bo" got into
an argument because "Bo" was selling drugs in Jermaine area and Jermaine wanted some

Exhibit G

of the money from "Bo" drug sales. A war began between the two and one of Jermaine workers was shot and killed by "Bo".

Mr. DeShields stated that Jermaine had Angelo Stringfellow killed. Corey Smith set up Angelo to be killed. Myself, Sean Sterling, Corey Smith and Fat-Eric was there at Club Bunns but did not kill Angelo.

I'm in jail with Johnny-Cool aka Jonathan Malone and Corey Smith wrote him a letter asking Johnny to find someone to get rid of his wife because he don't want to give Jermaine the satisfaction of killing his wife. Mr. DeShields advised me that Johnny-Cool showed him the letter and that he read the letter himself. The interview ended at this time.

Michael Coleman

OCD/ATF Task Force

U.S. Department of Justice
Bureau of Alcohol, Tobacco, Firearms and Explosives

**Report of Investigation**

| Title of Investigation: Jermaine A Bell et al | Investigation Number: 761020-07-0027 | Report Number: 1 |
|---|---|---|

## SUMMMARY OF EVENT:

The investigation is affiliated with Operation Arizona/marijuana organization of ▆▆▆▆▆▆▆ (ATF Case #▆▆▆▆▆▆), which linked Jermaine BELL and associates as being responsible for numerous acts of violence throughout Baltimore City, Maryland.

## NARRATIVE:

1. On or about February 2001, Baltimore City Police Department (BPD) Task Force Officer (TFO) Detective ▆▆▆▆▆▆▆ requested assistance with the investigation of Jermaine BELL, B/M, DOB 2/11/1974. BELL has been federally indicted with conspiracy to possess narcotics in a crime of violence which cause the death of Terrance Johnson on or about November 8, 2001.

2. BPD TFO Detective ▆▆▆▆▆ have identified several associates of BELL: ▆▆▆▆▆▆▆ DOB: ▆▆▆▆▆▆▆ DOB: ▆▆▆▆▆▆▆ DOB: ▆▆▆▆▆▆▆ DOB: ▆▆▆▆▆▆ and ▆▆▆▆▆▆▆ DOB: ▆▆▆▆▆ The aforementioned names are federally charged with conspiracy to distribute heroin; conspiracy to possess a firearm in furtherance of a drug trafficking crime; possession of a firearm in furtherance of a drug trafficking crime resulting in death; possession of a firearm in furtherance of a drug trafficking crime; possessing ammunition by convicted felon and willfully causing an offense.

3. The investigation is continuing.

Exhibit G

| | DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT | |
|---|---|---|

By: Complaint ___ Information ___ X Indictment ___

Name of District Court, (City)

Baltimore, Maryland
Northern Division

**Second Superseding**

### Offense Charged

| | |
|---|---|
| Conspiracy to Distribute Heroin | Petty ___ |
| Conspiracy to Possess a Firearm in Furtherance of a Drug Trafficking Crime | ___ |
| Possession of Firearm in Furtherance of a Drug Trafficking Crime Resulting in Death | Misdemeanor ___ |
| Possession of Firearm in Furtherance of a Drug trafficking Crime | X Felony |
| Possession of Ammunition By A Convicted Felon | ___ |
| Willfully Causing an Offense | |

**Defendant - U.S. vs.**

Jermaine Bell

Address:

Birth date: 2/1/1975    Male/Female  M    Alien (Y/N): _____

* (Optional unless a juvenile)

OCT 31 2006

| Place of offense | U.S.C. Citation |
|---|---|
| Baltimore City | 21 USC §846 |
| | 18 USC §924(o) |
| | 18 USC §924(j) |
| | 18 USC §924(c) |
| | 18 USC §922(g) |
| | 18 USC §2 |

Proceeding                                    Defendant

Name of Complainant Agency, Person (& Title, if any) & Phone#

Mike Coleman -Baltimore City Police (443) 250-5663

**IS NOT IN CUSTODY**

1) ___ Has not been arrested, pending outcome of this proceeding. If not detained give date any prior summons was served on above charges. ▶

Person is awaiting trial in another Federal or State Court, give name of court:

2) ___ Is a fugitive

This person/proceeding is transferred from another district per:

3) ___ Is on bail or release from (show District)

FRCrP 20 ___ 21 ___ 40 ___ Show District

**IS IN CUSTODY**

4) ___ On this charge

this is a reprosecution of charges previously dismissed which were dismissed on motion of:
___ U.S. Attorney  ___ Defense

5) ___ On another conviction    Federal ___   State  x

this prosecution relates to a pending case involving this same defendant

6) ___ Awaiting trial on other charges

prior proceeding or appearances before U.S. Magistrate Judge regarding this defendant were recorded under ___

Magistrate #

If the answer to (6) is "Yes", show name of institution

Has detainer been filed? Y/N  [ y ]   Date filed _____

Date of Federal arrest ▶ _____   OR

___ Check if plea is expected.

Name of Asst. U.S. Att'y | Gregory Welsh  Jason Weinstein

___ This report amends AO 257 previously submitted

Phone Number: | 410 209-4906/4859

**FOR USE OF THE CLERK'S OFFICE**

Additional Information or comments:

Maximum Penalty:  see attached

Exhibit G

DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

| By: | ☐ Complaint | ☐ Information | ☒ Indictment | Name of District Court, (City) |
|---|---|---|---|---|

Baltimore, Maryland
Northern Division

☐ Superseding

**Offense Charged**

Conspiracy to possess firearm in
furtherance of drug-trafficking crime
and crime of violence

☐ Petty

☐ Misdemeanor

☒ Felony

**Place of offense**

Baltimore City

**U.S.C. Citation**

18 U.S.C. § 924(o)

Defendant - U.S. vs.

Jermaine Bell

Address:

Birth date:   2/11/75   · Male/Female   M   Alien   N
*                                        (Y/N)

RSB-06-0179

FILED_____ ENTERED
_____ LODGED   RECEIVED

MAY 1 0 2006

* (Optional unless a juvenile)

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

**Proceeding**

Name of Complainant Agency, Person (& Title, if any) & Phone#

Mike Coleman, BPD (443) 250-5663; Tom Love,
ATF (410) 779-1784

Person is awaiting trial in another Federal or State
Court, give name of court:

This person/proceeding is transferred from another district per :

| FRCrP 20 ☐ | 21 ☐ | 40 ☐ | Show District |
|---|---|---|---|

this is a reprosecution of charges previously
dismissed which were dismissed on motion of:

☐ U.S. Attorney   ☐ Defense

this prosecution relates to a pending case
involving this same defendant

prior proceeding or appearances before U.S.
Magistrate Judge regarding this defendant were
recorded under ▸

Magistrate #

Name of Asst. U.S. Att'y   Greg Welsh/Jason Weinstein

Phone Number:   410-209-4906/4859

Additional Information or comments:

**Defendant**

IS NOT IN CUSTODY

1)   ☒   Has not been arrested, pending outcome of this proceeding.
          If not detained give date any prior summons was served on
          above charges.

2)   ☐   Is a fugitive

3)   ☐   Is on bail or release from (show District)

IS IN CUSTODY

4)   ☐   On this charge

5)   ☐   On another conviction          ☐ Federal   ☐ State

6)   ☐   Awaiting trial on other charges

If the answer to (6) is "Yes",
show name of institution

Has detainer been filed? Y/N   ☐   Date filed

Date of Federal arrest ▸   OR

☐   Check if plea is expected.

☐   This report amends AO 257 previously submitted

FOR USE OF THE CLERK'S OFFICE

I hereby attest and certify on _May 11, 2006_
that the foregoing document is a full, true and correct
copy of the original on file in my office and in my
legal custody.
FELICIA C. CANNON
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
By_____ : Finley   Deputy

| Maximum Penalty: | Ct. 2: 20 yrs. impr., 3 yrs. S/R,
$250,000 fine |
|---|---|
| Date of offense: | Oct. 2001 -- Nov. 2005 |
| Length of Trial: | 2-3 weeks |
| HIDTA CASE: | Yes   ☒ No | OCDETF CASE:   ☐ Yes   ☒ No |

Exhibit G

Jermaine Bell # 33031-037
Federal Correctional Institution Schuylkill
P.O. Box 759
Minersville, PA 17954-0759

Mailed from
Federal Correctional Institution
Schuylkill, PA

AIR MAIL ROOM
9 2016

JED

X-RAYED
AUG 29 2016
DOJ MAILROOM

X-RAYED
AUG 26 2016
DOJ MAILROOM

FOREVER   FOREVER

Exhibit G



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

---

www.atf.gov

October 24, 2016                                          REFER TO: 2016-0976

Mr. Jermaine Bell
Reg. No. 33031-037
Federal Correctional Institution - Schuylkill
PO Box 759
Minersville, PA 17954-0759

Dear Mr. Bell.:

This responds to your Freedom of Information Act ("FOIA") request dated August 21, 2016, and received by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") on August 31, 2016, in which you requested records concerning self.  Your request has been assigned number 2016-0976.  Please refer to this number on any future correspondence.

At this time, the investigation relating to a homicide is still open.  Therefore, your request is denied pursuant to 5 U.S.C. § 552(b)(7)(A) because it concerns an ongoing investigation.  Exemption (b)(7)(A) authorizes us to withhold investigatory records or information compiled for law enforcement purposes, the release of which could reasonably be expected to interfere with enforcement proceedings.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.  *See* 5 U.S.C. § 552(c).  This response is limited to those records that are subject to the requirements of the FOIA.  This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may contact our FOIA Public Liaisons, Darryl Webb or Johnny Rosner, at (202) 648-7390, for any further assistance and to discuss any aspect of your request.  Additionally, you may contact the Office of Government Information Services ("OGIS") at the National Archives and Records Administration to inquire about the FOIA mediation services they offer.  The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

-2-

Mr. Jermaine Bell

If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy ("OIP"), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home.   Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request.  If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Stephanie M. Boucher
Chief, Disclosure Division

Jermaine Bell
Reg.No. #33031-037
FCI SCHUYLKILL
P.O. BOX 759
Minersville, PA 17954

November 25, 2016

Director, Office of Information Policy
U.S. Dep't of Justice, Suite 11050
1425 New York Avenue, NW
Washington, DC 20530

RECEIVED

DEC 0 6 2016

Office of Information Policy

**RE: Freedom of Information Act Appeal 2016-0976**

Factual Background

    On October 24, 2016, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") denied the Requestor's FOIA request asserting that the "investigation relating to a homicide is still open," and therefore is exempt pursuant to 5 U.S.C. § 552(b)(7)(A) because it concerns an ongoing investigation. Id. The following facts and law are proffered in support of the instant appeal.

    On August 21, 2016, Requestor filed a FOIA request to the ATF seeking all evidence and basically the entire case file in regards to:

    -November 26, 2001, homicide of Torrence Johnson in Baltimore, Md.

    -June 26, 2001, homicide of Angelo Stringfellow in Baltimore, Md.

    -May 28, 2001, homicide of Kenyatta Harris in Baltimore, Md.

    -pertaining to 1998 investigation relating to Kenyatta Harris stemming from a homicide of Damien Barralle.

    -pertaining to 302 reports relating to task force that involved any/all Baltimore City police officers.

Id. FOIA request. As noted above, the ATF has cited exemption (7)(A)

-1-

Exhibit I

because it allegedly concerns an ongoing investigation. The Requestor
would argue that based upon the facts of this case, this exemption
is simply not plausible under FOIA case law.

## Applicable FOIA Law

"[The ATF's] disclosure obligation is triggered by its receipt
of a request that 'reasonably describes' the records sought...." 5
USC § 552(a)(3)(A); See Citizens for Responsibility and Ethics in
Washington v. FEC, 711 F.3d 180, 185, n.3 (D.C. Cir 2013)("Of course,
the duties that FOIA imposes on agencies...apply only once an agency
has received a proper FOIA request."). (citation ommitted). FOIA man-
dates a **strong presumption in favor of disclosure,"** U.S. Dep't of Air
Force v. Rose, 425 U.S. 352, 361 (1976). (emphasis added). As such, **"'the
burden is on the agency'** to show that the requested material" need not
be produced because a particular FOIA exemption protects the material
from disclosure. Petroleum Info. Corp. v. U.S. Dep't of Interior, 976
F.2d 1429, 1435 (D.C. Cir 1992)(quoting 5 USC § 552(a)(4)(B)). (emphasis
added). "Ultimately, an agency's justification for invoking a FOIA exemp-
tion is sufficient if it appears 'logical' or 'plausible.'" Judicial
Watch, Inc. v. U.S. Dep't of Defense, 715 F.3d 937, 941 (D.C. Cir. 2013).

## Exemption (b)(7)(A)

FOIA exemption 7(A) shields from disclosure "records or information
compiled for law enforcement purposes, but only to the extent that the
production of such law enforcement records or information [] could reason-
ably be expected to interfere with enforcement proceedings." 5 USC § 552
(b)(7)(A). To justify withholding documents under this exemption, "the
[ATF] **must [] demonstrate that 'disclosure (1) could reasonably be expected
to interfere with (2) enforcement proceedings that are (3) pending or
reasonably anticipated.'"** Citizens for Responsibility & Ethics in Washington
(CREW) v. U.S. Dep't of Justice, 746 F.3d 1082, 1096 (D.C. Cir. 2014).
(emphasis added).

In the case at bar there are two questions before the OIP. Question

-2-

Exhibit I

one can be phrased as "is the said investigation pending?" And if so
(question two) "how would the investigatory records interfere with
the **pending** enforcement proceedings?" See Kidder v. FBI, 517 F.Supp.
2d 17, 28 (D.D.C. 2007)([ATF] **must show, by more than [a] conclusory
statement, how the particular kinds of investigatory records requested
would interfere with a pending enforcement proceeding.**) (emphasis added).

The Requestor would make the argument that the investigation in
the case sub judice is no longer pending and therefore exemption (b)(7)
(A) is inapplicable.

The Requestor's FOIA request seeks basically the investigatory
files with respect to the homicides of Torrence Johnson, Angelo String-
fellow, and Kenyatta harris. In 2006, the Requestor and several co-defen-
dants were all indicted in federal court in connection with the murders
of the said individuals. See United States v. Jermaine Bell, Case No. 06-
0179; U.S. v. Sean Sterling, Case No. 06-0179; U.S. v. Roosevelt Spann Jr.,
Case No. 06-0179; U.S. v. Andre Brown, Case No. 06-0179.

The Requestor and all of his co-defendants were all convicted of
the murders of the said individuals. Trial testimony by cooperating wit-
nesses gave detailed descriptions of the murders of the said individuals,
including motive, times, locations and who actually pulled the trigger.
See Sean Sterling v. U.S., 2013 U.S. Dist. LEXIS 21032; Jermaine Bell v.
U.S., 2012 U.S. Dist. LEXIS 80790; Roosevelt Spann Jr. v. U.S., 2011 U.S.
Dist. LEXIS 45672; Andre Brown v. U.S., 2010 U.S. Dist. LEXIS 78624.

In light of the facts cited above the ATF's argument that the inves-
tigation related to a homicide is still open is simply not logical or
plausible, Judicial Watch, Inc. 715 F.3d @ 941, when the requestor and all
his co-defendants have been prosecuted, convicted and sentenced for the
murders of the said individuals. See Dugan v. Dep't of Justice, 82 F.Supp.
3d 485 (D.D.C. 2015)(holding that ATF was not entitled to summary judgment
under exemption 7(A) because plaintiff had already been prosecuted, convicted,
and s entenced.).

Exhibit I

It is also undisputed in cases such as this where the FOIA
requestor's conviction is final, exemption (b)(7)(A) is inapplicable.
Kidder 517 F.Supp.2d @ 27-28 ("A pending appeal of a criminal conviction
qualifies as a pending or prospective law enforcement proceeding for
purposes of exemption 7(A)...."); Kansi v. U.S. Dep't of Justice, 11
F.Supp. 2d 42, 44 (D.D.C. 1998)("...7(A) exemption....exists at least
until palintiff's conviction is final."); CREW, supra 746 F.3d @ 1097
(finding no justification for withholding information under exemption
7(A) where third parties' sentencing hearing and appeals were no longer
pending or reasonably anticipated.); See also Dugan, supra @ 485.[1]

Because the disclosure of the information that the Requestor seeks
cannot interfere with the enforcement proceedings already concluded,
the Requestor respectfully request that the OIP issue an order reversing
the ATF's denial of the Requestor's FOIA request.

Respectfully Submitted,

Dated: 11·25·16

/s/ Jermaine Bell

Jermaine Bell
Reg.No.#33031-037
FCI SCHUYLKILL
P.O. BOX 759
Minersville, PA 17954

--------------------------------

1. It should be noted that Requestor has also filed FOIA request to the
   Baltimore City Police Department and the DEA and both agencies also
   cited exemptions but ultimately released the documents the requestor
   seeked after the requestor appealed.

-4-

Exhibit I



U.S. Department of Justice

Bureau of Alcohol, Tobacco,
Firearms and Explosives

www.atf.gov

October 24, 2016                                            REFER TO: 2016-0976

Mr. Jermaine Bell
Reg. No. 33031-037
Federal Correctional Institution - Schuylkill
PO Box 759
Minersville, PA 17954-0759

Dear Mr. Bell.:

This responds to your Freedom of Information Act ("FOIA") request dated August 21, 2016, and
received by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") on August 31,
2016, in which you requested records concerning self.  Your request has been assigned number
2016-0976.  Please refer to this number on any future correspondence.

At this time, the investigation relating to a homicide is still open.  Therefore, your request is
denied pursuant to 5 U.S.C. § 552(b)(7)(A) because it concerns an ongoing investigation.
Exemption (b)(7)(A) authorizes us to withhold investigatory records or information compiled for
law enforcement purposes, the release of which could reasonably be expected to interfere with
enforcement proceedings.

For your information, Congress excluded three discrete categories of law enforcement and
national security records from the requirements of the FOIA.  *See* 5 U.S.C. § 552(c).  This
response is limited to those records that are subject to the requirements of the FOIA.  This is a
standard notification that is given to all our requesters and should not be taken as an indication
that excluded records do, or do not, exist.

You may contact our FOIA Public Liaisons, Darryl Webb or Johnny Rosner, at (202) 648-7390,
for any further assistance and to discuss any aspect of your request.  Additionally, you may
contact the Office of Government Information Services ("OGIS") at the National Archives and
Records Administration to inquire about the FOIA mediation services they offer.  The contact
information for OGIS is as follows: Office of Government Information Services, National
Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park,
Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-
684-6448; or facsimile at 202-741-5769.

Exhibit I

-2-

Mr. Jermaine Bell

If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy ("OIP"), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home.  Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request.  If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Stephanie M. Boucher

Stephanie M. Boucher
Chief, Disclosure Division

Exhibit I



Exhibit I



**U.S. Department of Justice**

Office of Information Policy

*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC  20530-0001*

*Telephone: (202) 514-3642*

**January 30, 2017**

Mr. Jermaine Bell
Register No. 33031-037
Federal Correctional Institution                Re:     Appeal No. DOJ-AP-2017-001282
Post Office Box 759                                             Request No. 2016-0976
Minersville, PA  17954                                       CDT:MTC

**VIA:  U.S. Mail**

Dear Mr. Bell:

        You appealed from the action of the Bureau of Alcohol, Tobacco, Firearms and
Explosives (ATF) on your Freedom of Information Act request for access to records concerning
yourself.

        After carefully considering your appeal, I am affirming ATF's action on your request.  In
order to provide you with the greatest possible access to responsive records, your request was
reviewed under both the Privacy Act of 1974 and the FOIA.  I have determined that the records
responsive to your request are exempt from the access provision of the Privacy Act.  See
5 U.S.C. § 552a(j)(2); see also 28 C.F.R. § 16.106 (2016).  For this reason, I have reviewed your
appeal under the FOIA.

        The FOIA provides for disclosure of many agency records.  At the same time, Congress
included in the FOIA nine exemptions from disclosure that provide protection for important
interests such as personal privacy, privileged communications, and certain law enforcement
activities.  ATF properly withheld this information in full because it is protected from disclosure
under the FOIA pursuant to 5 U.S.C. § 552(b)(7)(A) and it is reasonably foreseeable that
disclosure of this information would harm the interests protected by this provision.  This
provision concerns records or information compiled for law enforcement purposes the release of
which could reasonably be expected to interfere with enforcement proceedings.

        Please be advised that this Office's decision was made only after a full review of this
matter.  Your appeal was assigned to an attorney with this Office who thoroughly reviewed and
analyzed your appeal, your underlying request, and the action of ATF in response to your
request.  If you have any questions regarding the action this Office has taken on your appeal, you
may contact this Office's FOIA Public Liaison for your appeal.  Specifically, you may speak with
the undersigned agency official by calling (202) 514-3642.

- 2 -

If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation.  Using OGIS services does not affect your right to pursue litigation.  The contact information for OGIS is as follows:  Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,



Christina D. Troiani, Associate Chief, for
Sean O'Neill, Chief, Administrative Appeals Staff