**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JERMAINE BELL,

    *Plaintiff*,

  v.

BUREAU OF ALCOHOL, TOBACCO,
FIREARMS, AND EXPLOSIVES,

    *Defendant*.

Civil Action No. 17-1221 (TJK)

<u>**MEMORANDUM OPINION**</u>

  Plaintiff Jermaine Bell, proceeding *pro se*, filed this lawsuit under the Freedom of

Information Act (FOIA), 5 U.S.C. § 552, seeking records from Defendant Bureau of Alcohol,

Tobacco, Firearms, and Explosives (ATF) relating to the murders of four individuals, including

certain interview reports relating to a federal and state task force involving Baltimore Police

Department officers.  ECF No. 1 at 1–2.  At least three of those murders appear related to

conduct for which Bell was prosecuted in the District of Maryland, and for which he is now

incarcerated.  *Id.* at 6.  After the Court denied both Plaintiff's and Defendant's motions for

summary judgment, ECF No. 25, Defendant filed a second motion for summary judgment, ECF

No. 30.  Bell has not responded to that motion, nor has he made any filings in this litigation for

almost a year.  For the reasons explained below, the Court will grant ATF's motion for summary

judgment.

I.  **Factual and Procedural Background**

  Bell made his FOIA request in 2015, asking ATF for records regarding the 2001 murders

of Torrence Johnson, Angelo Stringfellow, and Kenyatta Harris, and the 1998 murder of Damien

Barralle.  ECF No. 13-3 at 1–2.  ATF queried its two databases, using the names of the

individuals as search terms, ECF No. 30-1 ¶ 8,[1] and responded that because the request

concerned third parties, Bell would need to provide either consent or proof of death of the third

parties—who were murder victims.  ECF No. 13-3 at 4–5.  Bell appealed to the Department of

Justice's Office of Information Policy (OIP), noting that the fact of the 2001 murder victims'

death was in the public record as a result of his own federal trial.  *See id.* at 8–12.  OIP remanded

Bell's request, instructing ATF to search for responsive records.  ECF No. 30-1 ¶ 12.  ATF did

so and told Bell that no such records existed.  *Id.* ¶¶ 13–14; ECF No. 13-3 at 25–26.  Bell,

finding this state of affairs implausible, asked ATF to search again, providing his case number

and documents from his case to help focus the agency's search.  ECF No. 13-3 at 27–36.  This

time, ATF searched Bell's case number and another relevant case number—that of the Tyree

Stewart investigation, which the disclosure specialist found in the unredacted version of Bell's

case file.  ECF No. 30-1 ¶¶ 17–19.  Because the Tyree Stewart investigation was still ongoing at

that time, ATF denied Bell's request based on FOIA Exemption 7(A), which protects "records or

information compiled for law enforcement purposes" which "could reasonably be expected to

interfere with enforcement proceedings."  5 U.S.C. § 552(b)(7)(A); ECF No. 13-3 at 38–39.  Bell

appealed the denial, which was affirmed by OIP.  ECF No. 30-1 ¶¶ 22–23.

Bell filed this suit in June 2017.  Upon reviewing the Tyree Stewart file in connection

with this litigation, ATF learned that the previously open investigation was now closed, and so

Exemption 7(A) was no longer applicable.  *See id.* ¶ 24; *Citizens for Responsibility & Ethics in*

*Washington v. U.S. Dep't of Justice*, 746 F.3d 1082, 1096–98 (D.C. Cir. 2014).  ATF produced

to Bell a portion of one responsive, partially redacted document which referenced the murder of

---

[1] The Court accepts the assertions in ATF's undisputed statement of material facts, ECF No. 30-1, to which Bell failed to respond, as true.  *See* Local Civil Rule 7(h)(1); *King v. U.S. Dep't of Justice*, 245 F. Supp. 3d 153, 159 (D.D.C. 2017).

Kenyatta Harris.  ECF No. 30-1 ¶¶ 25–28.  ATF justified its redactions by references to FOIA

Exemption 6, which protects "personnel and medical files and similar files the disclosure of

which would constitute a clearly unwarranted invasion of personal privacy," 5 USC § 552(b)(6),

and Exemption 7(C), which protects "records or information compiled for law enforcement

purposes" that "could reasonably be expected to constitute an unwarranted invasion of personal

privacy," 5 USC § 552(b)(7)(C).  Both parties moved for summary judgment, and in February

2019 the Court denied both motions, holding that on the record before it at that time, it could not

determine whether ATF had conducted an adequate search or whether its withholdings were

proper.  ECF No. 25.

Subsequently, ATF conducted a new search, manually reviewing Bell's investigation file

and the Stewart investigation file.  ECF No. 30-1 ¶¶ 32, 34–35.  This search revealed a new

responsive document, as well as an additional responsive part of the document previously

provided to Bell.  *Id.* ¶¶ 34–35.[2]  Further, ATF again queried its two databases, this time using as

search terms the names of each of the murder victims as well as Bell's name.  This search

produced no new results.  *Id.* ¶ 37.  In total, ATF produced three documents—the newly

discovered document, a fuller version of the previously produced document, and a document

from Bell's own investigation file, which had been previously produced to him in his criminal

case.  *Id.* ¶¶ 33–35, 38.  The documents total eleven pages, all of which are partially redacted

pursuant to FOIA Exemptions 6 and 7(C).  *Id.* ¶ 38; ECF No. 30-2 at 15–29.  In July 2019, ATF

filed a renewed motion for summary judgment, ECF No. 30, to which Bell has not responded.

Bell's last filing in this matter occurred almost a year ago, in January 2019.

---

[2] The ATF Chief of Disclosure, Adam Stiple (who was not employed by ATF prior to its
supplemental search) candidly notes that it is "unclear, and troubling" that ATF did not locate
these documents in its prior search.  ECF No. 30-2 ¶ 18.

II.     **Legal Standard**

"Summary judgment is appropriately granted when, viewing the evidence in the light most favorable to the non-movants and drawing all reasonable inferences accordingly, no reasonable jury could reach a verdict in their favor." *Lopez v. Council on Am.–Islamic Relations Action Network, Inc.*, 826 F.3d 492, 496 (D.C. Cir. 2016).  "The evidence presented must show 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"  *Id.* (quoting Fed. R. Civ. P. 56(a)).  Where, as here, a summary judgment motion is unopposed, the Court may not grant it as conceded but instead must determine whether the moving party has carried its burden.  *See Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 505 (D.C. Cir. 2016).

"In the FOIA context, a district court reviewing a motion for summary judgment conducts a de novo review of the record, and the responding federal agency bears the burden of proving that it has complied with its obligations under the FOIA."  *MacLeod v. DHS*, No. 15-CV-1792 (KBJ), 2017 WL 4220398, at *6 (D.D.C. Sept. 21, 2017) (citing 5 U.S.C. § 552(a)(4)(B)); *see also Cable News Network, Inc. v. FBI*, 271 F. Supp. 3d 108, 111 (D.D.C. 2017) ("Unlike the review of other agency action that must be upheld if supported by substantial evidence and not arbitrary or capricious, the FOIA expressly places the burden on the agency to sustain its action . . . ." (internal quotation marks omitted) (quoting *Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 775 (1989))).  In order to prevail on summary judgment in a FOIA case, "an 'agency must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested,' which it can do by submitting '[a] reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched.'"  *Reporters Comm. for*

*Freedom of Press v. FBI*, 877 F.3d 399, 402 (D.C. Cir 2017) (quoting *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)).  In addition to showing that the search was adequate, the agency must "demonstrate that . . . records have not been 'improperly withheld.'"  *Ctr. for Study of Servs. v. U.S. Dep't of Health & Human Servs.*, 874 F.3d 287, 288 (D.C. Cir. 2017) (quoting *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 & n.3 (1989)).  Finally, the Court has an affirmative duty to ensure that "[a]ny reasonably segregable portion of the record" is provided to the requestor "after deletion of the portions which are exempt."  5 U.S.C. § 552(b); *see Morley v. CIA*, 508 F.3d 1108, 1123 (D.C. Cir. 2007).

## III.   Analysis

The Court is satisfied that ATF has conducted an adequate search for responsive records, that the agency's redactions pursuant to FOIA Exemptions 6 and 7(C) were proper, and that ATF released all reasonably segregable portions of the responsive documents.

### A.   Adequacy of ATF's Search

In its prior order, the Court stated that it could not determine whether ATF's search had been adequate due to the relative paucity of information about how the search and subsequent review of documents had been conducted.  ECF No. 25 at 3–4.  ATF has now cured this deficiency.  First, Disclosure Chief Stiple explains that ATF conducted its searches in "the two systems of records where ATF records of criminal investigations are housed," and that ATF does not have or use other record systems "likely to have records of specific criminal investigations undertaken by or involving the ATF."  ECF No. 30-2 ¶ 4; *see Oglesby*, 920 F.2d at 68.  Second, Stiple explains that ATF queried its databases with the names of each of the murder victims, as well as Bell's name.  ECF No. 30-2 ¶¶ 8 & n.2, 18; *see* ECF No. 25 at 4 (noting that a search for Bell's name might be reasonably expected to produce additional responsive records).  Finally, Stiple explains that in its supplemental search, ATF manually searched the two investigation files

which were previously found to contain responsive information—the Bell file and the Stewart file—to determine whether they contained any additional responsive information.  ECF No. 30-2 ¶¶ 15–16.  In light of ATF's supplemental searches, which did yield additional responsive documents, and its description of the types of searches performed and the search terms used, the Court agrees that ATF has "conducted a search of records systems reasonably likely to contain responsive information using search methods that were reasonably designed to locate such information."  *Id.* ¶ 20; *see Reporters Comm.*, 877 F.3d at 402.

### B.      ATF's Withholdings

ATF has released all the responsive documents its search revealed in redacted form and justified all the redactions under both FOIA Exemptions 6 and 7(C).  In order to meet its burden to show that the redacted portions of the records were not improperly withheld, it must give "an adequate description of the records," "a plain statement of the exemptions relied upon to withhold each record," and "arguments that relate the documents to the claimed exemption." *Nat'l Treasury Emps. Union v. U.S. Customs Serv.*, 802 F.2d 525, 527 n.9 (D.C. Cir. 1986).

Exemption 7(C) protects from disclosure "records or information compiled for law enforcement purposes" that "could reasonably be expected to constitute an unwarranted invasion of personal privacy."  5 USC § 552(b)(7)(C).  All three responsive records in this case are ATF Reports on Investigations, and were thus plainly compiled for law enforcement purposes.  *See* ECF No. 30 at 20 n.13.  To determine whether a law enforcement record is properly withheld under Exemption 7(C), the Court must "balance the privacy interests that would be compromised by disclosure against the public interest in release of the requested information."  *Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1281 (D.C. Cir. 1992).  "As a general rule, third-party identifying information contained in [law enforcement] records is 'categorically exempt' from disclosure."  *Lazardis v. U.S. Dep't of State*, 934 F. Supp. 2d 21, 38 (D.D.C. 2013) (quoting

*Nation Magazine, Wash. Bureau v. U.S. Customs Serv.*, 71 F.3d 885, 896 (D.C. Cir. 1995)).

"Third parties" in this context include, *inter alia*, "targets of law-enforcement investigations, . . .

'witnesses, informants, and . . . investigating agents.'" *Roth v. U.S. Dep't of Justice*, 642 F.3d

1161, 1174 (D.C. Cir. 2011) (second ellipsis in original) (quoting *Schrecker v. U.S. Dep't of*

*Justice*, 349 F.3d 657, 666 (D.C. Cir. 2003)).

Here, ATF represents that the information redacted is, in summary, identifying

information (including names, birthdays, addresses, and phone numbers) of suspects, criminal

associates, witnesses, Baltimore Police Department detectives, and ATF agents. *See* ECF No. 30

at 18–20. Release of this information could subject these individuals to danger or harassment,

and there is little countervailing public interest. *See Nat'l Archives & Records Admin. v. Favish*,

541 U.S. 157, 172 (2004). Therefore, the Court finds that the redacted portions of the responsive

documents were properly withheld pursuant to FOIA Exemption 7(C).

Because records properly withheld under Exemption 7(C) are also properly withheld

under Exemption 6, the Court need not conduct a separate Exemption 6 analysis. *See Roth*, 642

F.3d at 1173.

C.    **Segregability**

As noted above, an agency must provide the requestor any "reasonably segregable"

information in a responsive document after redaction of properly withheld material, unless the

non-exempt portions are "inextricably intertwined" with exempt material. *Johnson v. Executive*

*Office for U.S. Att'ys*, 310 F.3d 771, 776 (D.C. Cir. 2002) (quoting *Mead Data Central, Inc. v.*

*U.S. Dep't of Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977)). The agency is entitled to a

presumption that it "complied with the obligation to disclose reasonably segregable material."

*Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1117 (D.C. Cir. 2007).

Here, ATF states that it "withheld only information exempt under the applicable FOIA exemptions and that all reasonably segregable material" was released to Bell.  ECF No. 30 at 23. Bell has provided no information to rebut the presumption that ATF complied with its segregability obligations, and the careful redaction apparent in the documents themselves reinforces the conclusion that ATF released to Bell "[a]ll meaningful segregable information." ECF No. 30-2 ¶ 27; *see id.* pp. 15–29.

## IV.  Conclusion

For the foregoing reasons, the Court will grant Defendant's Renewed Motion for Summary Judgment, ECF No. 30.  A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: January 3, 2020